# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By jburrell at 12:44 pm, Nov 20, 2018*

GULFSTREAM AEROSPACE
CORPORATION,

    Plaintiff,

  v.

GULFSTREAM AIR CHARTER, INC.

    Defendant.

CIVIL ACTION NO.: 4:17-cv-26

## **O R D E R**

Presently before the Court is Defendant Gulfstream Air Charter, Inc.'s Motion to Dismiss for lack of personal jurisdiction. (Doc. 21.) Plaintiff Gulfstream Aerospace Corporation filed a Response in opposition, (doc. 37), and Defendant filed a Reply, (doc. 42). For the reasons set forth herein, the Court **GRANTS** Defendant's Motion to Dismiss, (doc. 21), and **DISMISSES without prejudice** Plaintiff's Complaint for lack of personal jurisdiction. The Court **DIRECTS** the Clerk of Court to enter appropriate judgment of dismissal and to **CLOSE** this case.

## BACKGROUND

This action arises out of a dispute regarding Defendant's alleged misuse of Plaintiff's "GULFSTREAM" trademark. (Doc. 1, p. 1.) Plaintiff, a Georgia corporation and well-known provider of aircraft products and services, alleges trademark infringement, dilution, unfair competition, cybersquatting, and deceptive and unlawful trade practices.[1] (Id. at p. 2.) The

---

[1] Plaintiff brings these claims pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*, and O.C.G.A. § 23-2-55. (Doc. 1, p. 1.)

trademark at issue has been widely used by Plaintiff since at least 1959 and was registered in 1981. (Id. at pp. 3–4, 14.)

Defendant, a Delaware corporation, has its headquarters and principal place of business in Miami, Florida. (Doc. 21, p. 6.) It is a public charter operator that offers flights between Florida and Cuba. (Id. at p. 10.) All Defendant's offices, officers, directors, and employees are located in Florida, and all flights provided by Defendant leave from and return to locations in Florida. (Id. at p. 6; doc. 1, p. 10.) Defendant sells tickets on a nationally-available website.[2] (Doc. 1, p. 12; doc. 21, p. 12.) Customers may also purchase tickets in-person at Defendant's Miami offices or from third-party travel agents or agencies. (Doc. 42, p. 3.) At least two of these agencies, Sol Caribe and Four Seasons, are located in Georgia. (Doc. 37, p. 4.) While Defendant has never taken steps to prevent Georgia citizens from becoming customers, Defendant has also never solicited or marketed its services in Georgia. (Doc. 42, p. 4.)

In the three years leading up to this action, Defendant sold 427 tickets to Georgia citizens for flights between Florida and Cuba. (Id. at p. 2.) The 427 tickets made up less than 0.2% of Defendant's total yearly ticket sales.[3] (Id. at p. 3.) At some point in late 2015, Defendant internally considered expanding operations by offering flights from Atlanta to Cuba, but ultimately did not do so based on lack of demand. (Doc. 37-1, pp. 103–08.) Any ticket-holders located in Georgia were required to arrange their own transportation to Florida independently of Defendant's services;

---

[2] Defendant's website, www.gulfstreamcharter.com, is where Plaintiff alleges the "GULFSTREAM" logo is improperly displayed. (Doc. 1, p. 12.) While the website is still active, some functionality and features that were available at the time Plaintiff filed this lawsuit are no longer available. (Doc. 37, p. 3; doc. 42, p. 3.)

[3] Specifically, the tickets made up .17% of ticket sales in 2014 and 2015, around .1% in 2016, and .01% in the first quarter of 2017 when this action was filed. (Doc. 42, p. 3.)

that is, Defendant did not provide any sort of assistance to customers who had to travel from Georgia to Florida in order to board their flight. (Doc. 42, p. 3.)

## STANDARD OF REVIEW

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff has the burden of establishing a prima facie case of jurisdiction. Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009); Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir. 2006). "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990) (citation omitted).

In evaluating a plaintiff's case, the district court must accept as true the allegations in the complaint. Stubbs, 447 F.3d at 1360 (citations omitted). Where the defendant contests the allegations of the complaint through affidavits, "the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." Id. When the plaintiff's complaint and supporting affidavits and defendant's affidavits conflict, the court must "construe all reasonable inferences in favor of the plaintiff." Id.

For a defendant to be subject to personal jurisdiction, "the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257–58 (11th Cir. 2010) (quoting United Techs. Corp v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009)). The Georgia long-arm statute, O.C.G.A. § 9-10-91, does not grant jurisdiction that is "coextensive with procedural due process," and "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct

from the demands of procedural due process." Id. at 1259 (citing Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, Iowa, 620 S.E.2d 352 (Ga. 2005)). As such, the Court must apply the "specific limitations and requirements of O.C.G.A. § 9-10-91 literally and must engage in a statutory examination that is independent of, and distinct from, the constitutional analysis to ensure that both, separate prongs of the jurisdictional inquiry are satisfied." Id. at 1263. If the long-arm statute's requirements are satisfied, the court then determines whether the exercise of jurisdiction violates federal due process.

## DISCUSSION

Defendant contends Plaintiff cannot satisfy its burden of proving personal jurisdiction under either the Georgia long-arm statute or the Due Process Clause of the Fourteenth Amendment. (Doc. 21, p. 5.) Specifically, Defendant argues jurisdiction is not proper under any of Plaintiff's jurisdictional theories because Defendant does not render services in Georgia, maintain business operations in Georgia, or direct any advertising to Georgia. (Doc. 42, p. 4.) Plaintiff, on the other hand, asserts that Defendant's sales of tickets to Georgia citizens and its consideration of business expansion in Georgia "easily surpass" the requirement of "transacting business" under Georgia's long-arm statute and meet the constitutional due process inquiry. (Doc. 37, p. 2.)

The Georgia long-arm statute permits the exercise of jurisdiction over a nonresident who, personally or through an agent, (1) transacts business within Georgia; (2) commits a tortious act or omission within Georgia; or (3) commits a tortious injury in Georgia caused by an act or omission outside Georgia if the nonresident regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from services rendered in Georgia. O.C.G.A. § 9-10-91(1)–(3). Here, Plaintiff argues personal jurisdiction arises under

subsections (1) and (3).[4]  As set forth below, the Court finds Defendant's conduct insufficient to meet either of these subsections of Georgia's long-arm statute.  Consequently, the Court "need not" address the constitutional Due Process inquiry.  Henriquez v. El Pais Q'Hubocali.com, 500 F. App'x 824, 829 (11th Cir. 2012) (per curiam) (citation omitted).

**I.      Whether Defendant "Transacted Business" in Georgia as Defined by O.C.G.A. § 9-10-91(1)**

In determining whether jurisdiction can be exercised over a nonresident defendant under subsection (1) of the Georgia long-arm statute, the Supreme Court of Georgia has stated:

> jurisdiction exists on the basis of transacting business in this state if (1) the nonresident has purposefully done some act or consummated some transaction in this state, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of this state does not offend traditional [notions of] fairness and substantial justice.

Amerireach.com, LLC v. Walker, 719 S.E.2d 489, 496 (Ga. 2011) (citation omitted).  The first two elements determine whether "a defendant has established the minimum contacts with the forum state necessary for the exercise of jurisdiction," and, if such minimum contacts exist, the third element determines whether the exercise of jurisdiction "does not result solely from random, fortuitous or attenuated contacts."  Paxton v. Citizens Bank & Trust of W. Ga., 704 S.E.2d 215, 219 (Ga. Ct. App. 2010) (citation omitted).  Physical presence in the state is not a requisite for

---

[4] Plaintiff does not rely upon subsection (2) as a potential basis for jurisdiction, (doc. 37, p. 6).  However, even if Plaintiff had done so, subsection (2) is not an appropriate basis for long-arm jurisdiction in the present case.  In cases dealing with personal jurisdiction based on electronic communications, the Eleventh Circuit and Georgia Courts of Appeals have found that tortious conduct occurs for jurisdictional purposes where the infringing electronic activity took place or originated from.  See LabMD, Inc. v. Tiversa, Inc., 509 F. App'x 842, 844–45 (11th Cir. 2013) (per curiam) (digital filing sharing on computers outside of Georgia did not subject the defendants to personal jurisdiction under subsection (2)); Huggins v. Boyd, 697 S.E.2d 253, 255 (Ga. Ct. App. 2010) (emails sent typed and sent from outside of Georgia did not subject the sender to personal jurisdiction under subsection (2)); see also Paradise Media Ventures, LLC v. Mills, No. 13–CV–1003, 2013 WL 6388627, at *2–4 (N.D. Ga. 2013); FisherBroyles, LLP v. Juris Law Grp., No. 1:14–CV–1101, 2015 WL 630436, at *5 (N.D. Ga. 2015).  Here, Defendant's website was created and originated from Florida.

jurisdiction under this subsection, and "Georgia allows the assertion of long-arm jurisdiction over nonresidents based on business conducted through . . . Internet contacts." Id. (quoting ATCO Sign & Lighting Co., LLC v. Stamm Mfg., 680 S.E.2d 571, 576 (Ga. Ct. App. 2009)). The ultimate question is whether the defendant engaged in conduct directed at Georgia and could "fairly be said" to have literally "transacted" business in the state of Georgia. Diamond Crystal, 593 F.3d at 1264; see also id. at 1264 n.18 ("'transact' means to 'prosecute negotiations,' to 'carry on business,' 'to carry out,' or 'to carry on'") (quoting Webster's Third New Int'l Dictionary 2425 (1993)).

Here, it is undisputed that Defendant's business is incorporated in Florida, is based out of Florida, and only provides service out of Florida. (Doc. 1, p. 10; doc. 37, p. 19.) Defendant operated a website that was accessible by anyone and allowed customers to buy tickets for Defendant's charter flights from Florida to Cuba. (Doc. 1, p. 13; doc. 37, p. 13.) Tickets were also available through third-party travel agents, unaffiliated with Defendant. (Doc. 42, p. 3.) While no efforts were made to prevent sales to Georgia residents, there is no evidence that Defendant ever marketed in Georgia or spent money to have others do so. (Id. at p. 9; doc. 21-1, p. 2.) However, despite the lack of marketing, Georgia residents purchased 427 tickets between 2014 and 2017. (Doc. 42, p. 3)

Both Plaintiff and Defendant rely on these uncontroverted facts.[5] Plaintiff asserts that Defendant's sales to passengers residing in Georgia through "its highly interactive website" and

---

[5] Given that Plaintiff and Defendant agree on these central facts, the Court does not delve deeply in the burden shifting analysis set forth in Stubbs and discussed above. However, the Court does note that it could grant Defendant's Motion to Dismiss based on the allegations in Plaintiff's Complaint alone. Even accepting the scant jurisdictional allegations in Plaintiff's Complaint as true, Plaintiff fails to provide facts warranting the exercise of personal jurisdiction over Defendant as to both Georgia's long arm statute and the requirements of procedural due process. Moreover, Defendant contested Plaintiff's generalized factual account through the affidavit of Ernesto Gonzalez, Defendant's President and Director. (Doc. 21-1.) Thus, "the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction." Stubbs, 447

"other business activities" in Georgia show that Defendant "enjoyed regular and substantial sales to Georgia customers," thus satisfying the "any business" requirement of subsection (1). (Doc. 1, pp. 2–3.) Defendant argues that these sales are irrelevant because it "has not in any way directed its website to Georgia consumers or conducted activities physically or purposefully in the state." (Doc. 21, p. 12.)

When analyzing personal jurisdiction under Georgia's long-arm statute, courts consider the quality of defendant's "tangible and intangible conduct" within Georgia. Diamond Crystal, 593 F.3d at 1265. If a nonresident defendant has a website where customers can purchase items online and the goods are either shipped to or enjoyed in Georgia, the defendant will generally be found to have "transacted business" within the state. See, e.g., Aero Toy Store, LLC v. Grieves, 631 S.E.2d 734, 740–41 (Ga. Ct. App. 2006) (conducting internet sales on an auction site where a product was shipped to Georgia qualifies as transacting business); Premium Neutraceuticals, LLC v. Leading Edge Mktg., Inc., No. 1-15-CV141, 2016 WL 3841826, at *3 (S.D. Ga. 2016) (holding the sale of health products to Georgia residents through defendant's websites was sufficient for jurisdiction); Sarvint Techs. v. Omsignal, Inc., 161 F.Supp.3d 1250, 1260–1261 (N.D. Ga. 2015) (finding personal jurisdiction was proper over nonresident defendant who accepted online orders and shipped goods into Georgia). However, personal jurisdiction under subsection (1) of the long-arm statute is not appropriate when there is no evidence of purposeful activity directed at or within the state of Georgia. Diamond Crystal, 593 F.3d at 1260 (explaining that there must be "the actual

---

F.3d at 1360. In an attempt to carry that burden, Plaintiff has attached numerous materials to its Response. The Court has reviewed and weighed all these submissions. That review reveals that the parties generally agree on the facts central to the Court's analysis. However, wherever Plaintiff's supporting materials and Defendant's affidavit conflict, the Court has "construe[d] all reasonable inferences in favor of the plaintiff." Id.

transaction of business—the doing of some act of consummation of some transaction—by the [defendant] *in the state.*") (emphasis added).

The recent case of Pascarelli v. Koehler, 816 S.E.2d 723 (Ga. Ct. App. 2018) is instructive on this issue. In Pascarelli, the Georgia Court of Appeals considered a website where out-of-state customers booked hotel reservations and deemed it not a sufficient basis for the court to exercise personal jurisdiction over the nonresident defendant. Id. at 728. The plaintiff, a Georgia resident, purchased a stay at the defendant's Wyoming hotel through the defendant's website. Id. at 726. Using the "sliding scale" analysis first articulated in Zippo Mfg. Co. v. Zippo Dot Com, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) and adopted by the Georgia Court of Appeals in Aero Toy Store, LLC v. Grieves, 631 S.E.2d 734 (Ga. Ct. App. 2006),[6] the Court of Appeals held that the defendant's website was neither completely passive nor completely interactive, meaning an examination of "the level of interactivity and commercial nature of the exchange of information that occurs on the [website]" was required. Pascarelli, 816 S.E.2d at 727 (quoting Aero Toy Store, 631 S.E.2d at 740).

---

[6] The Aero Toy Store court described the sliding scale analysis as follows:
> [A]t one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

Aero Toy Store, 631 S.E.2d at 740 (quoting Zippo Mfg. Co., 952 F. Supp. at 1124).

The Pascarelli court found the facts of that case to be different in kind from most cases where nonresident defendants received income from internet transactions because:

> in those Internet cases, the resident can bring about the transmission of the goods into the forum state through the order alone. A hotel website allows an online reservation to be made, but this is preliminary to the individual traveling outside the forum state to use the service provided by the hotel. The purpose of the former is fulfilled when the goods reach their destination in the forum state while the purpose of the latter is fulfilled once the resident reaches the hotel *outside the forum state*.

Pascarelli, 816 S.E.2d at 727 (emphasis added) (citation omitted).

Here, like the hotel bookings in Pascarelli, the customer's booking of flights is the only aspect of Defendant's business transactions with Georgia residents happening within the state of Georgia.[7] In fact, there is no evidence that Defendant did anything in Georgia aside from operating a generally accessible website. While "intangible" conduct can be the basis for personal jurisdiction under subsection (1), Plaintiff fails to reveal any such conduct by Defendant in Georgia. The operation of a website accessible in Georgia, and everywhere else, cannot alone constitute "the actual transaction of business." Jordan Outdoor Enterps., Ltd. v. That 70's Store, LLC, 819 F.Supp.2d 1338, 1343–44 (M.D. Ga. 2011). Moreover, in a trademark infringement case, a plaintiff's allegation "that a defendant has wrongfully used the plaintiff's mark on defendant's website to solicit business" has been held insufficient to form the basis of jurisdiction under subsection (1) without evidence of service or interaction within the state. FisherBroyles, LLP, No. 1:14–CV–1101, 2015 WL 630436, at *5.

---

[7] Plaintiff argues the booking of flights by third-party travel agencies registered in Georgia renders jurisdiction appropriate. (Doc. 37, p. 9.) However, the evidence shows Defendant never paid, encouraged, or sought out a travel agency in Georgia to sell flights. (Doc. 37-1, pp. 62–63.) The travel agencies "signed up" with Defendant to be able to book flights through Defendant's website on behalf of agency customers and communicated with Defendant on behalf of the customer. (Id. at pp. 66–67.) In other words, the travel agencies are agents of the *customer,* not Defendant. Thus, for the purposes of this analysis, the travel agencies operate as consumers in Georgia who purchase tickets through Defendant's website.

For all these reasons, Plaintiff has failed to demonstrate that Defendant transacted business in Georgia under O.C.G.A. § 9-10-91(1).

II. **Whether Defendant Derived Substantial Revenue from Goods or Services Consumed in Georgia Under O.C.G.A. § 9-10-91(3)**

As another basis for jurisdiction under O.C.G.A. § 9-10-91, Plaintiff alleges that Defendant's ticket sales show the Defendant enjoyed "regular and substantial sales into Georgia." (Doc. 37, p. 12.) Defendant argues that, even if Plaintiff is correct, jurisdiction under subsection (3) is nonetheless improper because "none of Defendant's services associated with those tickets were ever rendered in Georgia." (Doc. 42, p. 7.) The Court agrees with Defendant.

Subsection (3) of Georgia's long-arm statute provides jurisdiction over a nonresident defendant who "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." O.C.G.A. § 9-10-91(3). The statute is to be read literally and "requires that an out of state defendant must do certain acts *within the State of Georgia* before he can be subjected to personal jurisdiction." Gust v. Flint, 356 S.E.2d 513, 514 (Ga. 1987) (emphasis added). As discussed above, the operation of a generally accessible website cannot alone be the basis for jurisdiction, and Plaintiff has not put forth any additional evidence to show that Defendant solicited business, sold a good, or provided services within the state. "Neither a party nor a trial court can circumvent the plain language of the statute," and the plain language of subsection (3) requires that a good be used or services be provided *in Georgia*. Huggins v. Boyd, 697 S.E.2d 253, 255 (Ga. Ct. App. 2010) (citation omitted); see also LabMD, 509 F. App'x at 845 (discussing various factors used by courts to determine whether a nonresident defendant's conduct within Georgia is proper under subsection (3) and finding one phone call and nine emails insufficient for personal jurisdiction). Because the available evidence shows that Defendant did no acts within the state of Georgia as

10

required, personal jurisdiction cannot be exercised over Defendant under subsection (3) of Georgia's long-arm statute.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant Gulfstream Air Charter, Inc.'s Motion to Dismiss, (doc. 21), and **DISMISSES without prejudice** Plaintiff's Complaint for lack of personal jurisdiction. The Court **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 20th day of November, 2018.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA